UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2020 JAN 21 PM 2:04

CLERK

BY ⟨signature⟩
DEPUTY CLERK

MARISOL RIVERA,

    Plaintiff,

v.                                No. 2:19-cv-00159

BERLIN CITY'S VERMONT
REMARKETED AUTOS, INC. D/B/A
BERLIN CITY KIA, NICHOLAS CABRERA,
DEDRICK CASAB, AND WELLS FARGO
BANK, N.A. D/B/A WELLS FARGO AUTO,

    Defendants.

**ENTRY ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND DENYING REQUEST FOR JUST COSTS AND FEES**
(Doc. 5)

Plaintiff Marisol Rivera brought this action in state court against Defendants Berlin City's Vermont Remarketed Autos, Inc. ("Berlin City"), Nicholas Cabrera, Dedrick Casab, and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, "Defendants"), alleging violations of Vermont state law, the federal Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679b, and the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. On September 11, 2019, Wells Fargo removed the action to this court after a Second Amended Complaint ("SAC") was filed in state court. Now pending before the court is Plaintiff's motion to remand and for an award of costs and fees incurred as a result of the allegedly improper removal.

Plaintiff is represented by Grace B. Pazdan, Esq. Wells Fargo is represented by Christopher J. Valente, Esq., David M. Pocius, Esq., and Hollee M. Watson, Esq. Defendants Nicolas Cabrera, Dedrick Casab, and Berlin City are represented by Andrew H. Maass, Esq.

## I. The Initial Complaint and the SAC's Allegations.

On February 7, 2019, Plaintiff filed her original Complaint in Vermont Superior Court alleging seven causes of action, all of which arose out of her purchase of a 2017 Kia Soul (the "2017 Kia") with an extended warranty from Berlin City. Plaintiff asserts that she purchased the 2017 Kia based on what she claims were fraudulent misrepresentations by Defendants regarding her ex-husband's willingness to be financially responsible for payments up to a certain specified amount. She further claims Berlin City's sales personnel took advantage of her limited English comprehension skills and falsified her income and expenses to arrange financing for the 2017 Kia, inaccurately representing that she received $3,800 per month in Social Security Disability Insurance and $2,000 per month in spousal support. Plaintiff alleges that Wells Fargo knew or should have known that the information that Berlin City submitted on Plaintiff's behalf was false because $3,800 exceeded the maximum monthly Social Security Disability Insurance benefit in 2018. She further alleges that Wells Fargo obtained her credit report without her knowledge or consent and used it to obtain the loan for the 2017 Kia.

Plaintiff's initial Complaint asserted claims of fraud; violations of the Vermont Consumer Protection Act, 9 V.S.A. §§ 2453-2461; violation of the federal CROA, 15 U.S.C. § 1679b; violation of the Vermont Motor Vehicle Retail Installment Sales Financing Act, 9 V.S.A. § 2355; and unconscionability under 9A V.S.A. § 2-302. The initial Complaint alleged that Wells Fargo was liable for the other Defendants' allegedly wrongful acts solely in its capacity as the holder of the Retail Installment Sales Contract ("RISC") for the 2017 Kia.

In the SAC, Plaintiff includes claims against Wells Fargo under the Vermont Consumer Protection Act, 9 V.S.A. §§ 2453-2461; the Vermont Fair Credit Reporting Act, 9 V.S.A. § 2480e; and the federal FCRA, 15 U.S.C. § 1681, as well as common law claims of aiding and abetting fraud and negligence.

## II. Procedural History.

Plaintiff filed her second motion to amend the complaint on July 29, 2019, which the state court granted on August 28, 2019. On September 11, 2019, Wells Fargo filed a

notice of removal in this court. Plaintiff moved to remand the case to state court on September 13, 2019 (Doc. 5.) and requested an award of just costs and fees incurred in seeking remand on the grounds that Wells Fargo's removal was untimely. Defendant Wells Fargo opposed the motion on September 27, 2019. Plaintiff filed a reply on October 4, 2019, at which time the court took the pending motion under advisement.

## III. Conclusions of Law and Analysis.

### A. Standard of Review.

28 U.S.C. § 1441 governs federal removal jurisdiction and provides in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005) (noting that § 1441(a) "authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court"). Where removal is based on an initial pleading, "[t]he notice of removal . . . shall be filed within [thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or within thirty days of the service of summons, whichever period is shorter. 28 U.S.C. § 1446(b)(1). Even where a case is not removable as initially pled, "a notice of removal may be filed within [thirty] days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

A district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

3

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction thus requires only "a limited inquiry, looking only at the [p]laintiff's original cause of action to ascertain whether it includes a federal question while ignoring any and all answers, defenses and counterclaims." *Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365, 370 (E.D.N.Y. 2013).

"A pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support the removal petition." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001) (internal quotation marks and brackets omitted). "Accordingly, in a case of removal based on federal question jurisdiction, the relevant inquiry is whether the plaintiff would have been entitled to file its complaint originally in federal court rather than state court." *Town of Southold*, 949 F. Supp. 2d at 370. "The standard is fulfilled where federal law creates the cause of action, or the plaintiff's right to relief necessarily depends on resolution of a substantial, disputed question of federal law." *McClung v. Credit Acceptance Corp.*, 2015 WL 5638223, at *3 (N.D.N.Y. Sept. 24, 2015).

The thirty-day period established by 28 U.S.C. § 1446 does "not begin to run until the defendant receive[s] the first document from which all of the facts giving rise to removability were evident[.]" *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010). Once the defendant receives this document, the "thirty-day period is strictly construed." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 399 F. Supp. 2d 340, 347 (S.D.N.Y. 2005). As the Court of Appeals for the Seventh Circuit has explained, the thirty-day limitation on removal serves "to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove[,]" and "to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings[.]" *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982).

4

**B.     Whether to Remand to State Court Pursuant to 28 U.S.C. § 1447(c).**

Plaintiff argues that her initial Complaint "stated a claim against Defendants, including Defendant Wells Fargo in its capacity as FTC Holder," for violation of the federal CROA (Doc. 5 at 2, ¶ 3), and that federal court jurisdiction for that claim was therefore available pursuant to 28 U.S.C. § 1331. She contends that Wells Fargo's notice of removal was thus untimely under 28 U.S.C. § 1446(b)(1) because it was filed more than thirty days after Wells Fargo received a copy of the summons and initial Complaint.

Plaintiff's initial Complaint alleged claims against Wells Fargo based on its status as a third-party creditor pursuant to the Federal Trade Commission's "Holder-in-Due-Course" Rule, 16 C.F.R. § 433.2, which "preserves a consumer's right to assert the same legal claims and defenses against the assignee of a credit contract as that consumer could have asserted against the assignor." *Pierre v. Planet Automotive, Inc.*, 193 F. Supp. 3d 157, 174 (E.D.N.Y. 2016). The initial Complaint included the following federal claim against Wells Fargo:

> As holder of the RISC for the 2017 Kia Soul, Defendant Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto is liable to Plaintiff for the violation of the CROA by Defendants Berlin City's Vermont Remarketed Autos, Inc. d/b/a Berlin City Kia, Nicholas Cabrera and/or Dedrick Casab.

(Doc. 9 at 12, ¶ 68).

Wells Fargo does not dispute that Plaintiff's CROA claim is premised on an alleged violation of federal law and that the case was removable based on the initial Complaint. It nonetheless asserts that because it was not subject to *direct* liability for violation of a federal statute until Plaintiff added the FCRA claim in the SAC, it "now faces exposure and consequences in this action that it had not previously faced in either the Initial Complaint or the First Amended Complaint." (Doc. 48 at 5.) Wells Fargo therefore argues the court should apply the "revival doctrine" and find that its notice of removal was timely based on the state court's granting of Plaintiff's second motion to amend.

The Second Circuit has not addressed the revival doctrine, which "provides that a lapsed right to remove an initially removable case within thirty days is restored when the

5

complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). "The right to revive must be determined in each case with reference to its purposes and those of the [thirty]-day limitation on removal to which it is an exception[.]" *Wilson*, 668 F.2d at 965. In *Johnson*, the Court of Appeals for the Fifth Circuit affirmed the district court's application of the revival doctrine where "the allegations contained in the amended complaint [bore] no resemblance whatsoever to the allegations of the original complaint" and the parties were "aligned in a completely different manner" after the amendment. 227 F.3d at 242 (internal quotation marks, brackets, and citation omitted).

Wells Fargo cites two district court cases which it urges the court to follow in applying the revival doctrine. Both cases are distinguishable. In *MG Building Materials, Ltd. v. Paychex, Inc.*, the District Court for the Western District of New York found that the revival doctrine applied where there was a "drastic transformation" of the lawsuit because the filing of the third amended petition expanded a two-plaintiff case involving less than $170,000 in damages "into a class action, potentially involving thousands of class members across the country, while the damage claims ha[d] grown to a whopping $15 billion, an increase of over nine million percent" based on plaintiff's new allegation of a "nationwide scheme" by defendant "to defraud its clients[.]" 841 F. Supp. 2d 740, 747-48 (W.D.N.Y. 2012). In contrast, the FCRA claim added in Plaintiff's SAC arises out of Wells Fargo's allegedly unauthorized and improper procurement and use of Plaintiff's credit report in the course of offering her a car loan that it allegedly knew or should have known she could not afford. The addition of that claim works no "drastic transformation" that would support the revival doctrine.

*Residents and Families United to Save Our Adult Homes v. Zucker* is similarly distinguishable. There, the District Court for the Eastern District of New York found that amended pleadings "changed the target" of the plaintiffs' consolidated case because in addition to attacking state regulations, the amended complaints also challenged the constitutionality of an existing, court-approved settlement agreement. 2017 WL 5496277, at *7 (E.D.N.Y. Jan. 24, 2017). The amendment thus created a risk that if the

plaintiffs prevailed on their new claim, defendants could be subject to "inconsistent directives from the state and federal courts." *Id.* at *8. The amended complaints "radically transformed" the case because they involved "a different legal theory[,]" "a different class of victims[,]" and were "premised on a new set of facts[.]" *Id.* at *8-9. In light of these considerations, the court applied the revival doctrine, but found that the All Writs Act, 28 U.S.C. § 1651(a), "provide[d] an alternate and independent basis for removal" because the amended pleadings called the settlement agreement into question. *Id.* at *10.

The revival doctrine is a "narrow judicially-created exception to the thirty-day rule[,]" *Frontier Park Co., LLC v. Contreras*, 35 F. Supp. 3d 264, 268 (E.D.N.Y. 2014), and "all doubts should be resolved in favor of remand." *Id.* at 267 (citation omitted). The court need not decide whether to adopt the revival doctrine in this case because Plaintiff's factual allegations and legal claims have not been radically transformed and the SAC thus is not "essentially a new lawsuit." *Tully v. Am. Fed'n of Gov't Emps. Local 3148*, 2001 WL 253034, at *2 (E.D.N.Y. Mar. 9, 2001). Because Plaintiff has not "change[d] the nature of [her] case so drastically that the amendment 'in effect begins a new case[,]'" Wells Fargo's untimely removal remains unchanged. *In re MTBE Prods. Liab. Litig.*, 2006 WL 1004725, at *3 (S.D.N.Y. Apr. 17, 2006) (footnote omitted) (quoting *Wilson*, 668 F.2d at 966). Plaintiff's motion to remand to state court is therefore GRANTED.

### C. Whether Plaintiff is Entitled to An Award of Costs and Fees.

Plaintiff requests that the court award her "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" as permitted, but not required, under 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). If the court exercises its discretion to award fees, "'its reasons for departing from the general rule should be faithful to the purposes of awarding fees under

7

Section 1447(c),' which include disincentivizing actions that 'delay resolution of the case, impose additional costs on both parties, and waste judicial resources.'" *CMGRP, Inc. v. Agency for the Performing Arts, Inc.*, 689 F. App'x 40, 41 (2d Cir. 2017) (brackets omitted) (quoting *Martin*, 546 U.S. at 140-41).

Plaintiff argues that Wells Fargo delayed the litigation by removing the case shortly before the scheduled deposition of Defendant Nicholas Cabrera and asserts that Wells Fargo's contention that the revival doctrine applies demonstrates that it had no objectively reasonable basis to believe removal was proper. However, because the Second Circuit has not addressed the revival doctrine and district courts in this Circuit have previously found the doctrine applicable, Wells Fargo's invocation of the revival doctrine was not objectively unreasonable. *See Soto v. Bushmaster Firearms Int'l, LLC.*, 139 F. Supp. 3d 560, 566 (D. Conn. 2015) (denying request for costs and fees associated with removal "[g]iven the lack of controlling authority regarding removal" based on a federal statute). Plaintiff amended her Complaint, adding six new claims, and in doing so modified her federal claims. Wells Fargo proceeded in good faith when it treated this event as a potential opportunity for removal. Against this backdrop, Plaintiff's request for an award of costs and fees must be DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand to state court (Doc. 5) is GRANTED, and her request for an award of costs and fees is DENIED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21st day of January, 2020.

Christina Reiss, District Judge
United States District Court

8